# KOHNER *v.* CAPITAL TRACTION COMPANY.*

---

TRIAL; DIRECTION OF VERDICT; RES IPSA LOQUITUR; STREET RAILWAYS; NEGLIGENCE.

1. Where the plaintiff has made out a prima facie case, the trial court is not justified in directing a verdict for the defendant at the close of all the testimony, on the ground that the defendant by his testimony has overcome the prima facie case so made out by the plaintiff, unless possibly where there is only a scintilla of evidence and nothing substantial on the part of the plaintiff, and a verdict in his favor, if rendered, would not be permitted to stand.

---

*\*Negligence — Presumption of.*—As to the presumption of negligence arising from occurrence of accident, see the presentation of the authorities, in note to *Barnowski* v. *Helson,* 15 L. R. A. 33.

2. It is not the injury, but the manner and circumstances of the injury, that justify the inference of negligence and the application of the maxim of *res ipsa loquitur.*

3. The doctrine of *res ipsa loquitur* is applicable and negligence may be inferred on the part of a railroad company, where a person riding on one of its cars was injured by the violent contact of the right hand of the conductor of the car with the face of the passenger, whereby his nose and right eye were injured.

4. Where, in an action to recover damages for personal injuries against a street railway company, the plaintiff testifies that, while a passenger on one of the defendant's open cars, he was struck in the face by the conductor who was passing his seat on the running board, and the conductor, who is not contradicted, testifies that his act, which was wholly unintentional and accidental, was caused by his throwing himself forward to grasp the upright post of the car, from which he was about to fall, in an effort to regain his balance, the trial court is not justified in directing a verdict for the defendant on the ground that the occurrence was a mere accident. The plaintiff having made a prima facie case, it is for the jury, and not the court, to determine the truth of the explanation given.

No. 1275.   Submitted May 7, 1903.   Decided June 3, 1903.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court, District of Columbia, upon a verdict directed by the court at the close of all of the testimony, in an action against a street railway company to recover damages for personal injuries.                                    *Reversed.*

The COURT in the opinion stated the case as follows:

The appellant in this case, Max Kohner, while riding as a passenger, with his wife and children, in one of the open summer cars of the appellee, the Capital Traction Company, was injured by the violent contact of the right hand of the conductor of the car with the face of the appellant, whereby the appellant's nose and right eye were lacerated and bruised. He instituted this suit to recover damages from the appellee on the theory of negligence on the part of the conductor. At the trial, his testimony, which was that of his wife and himself, leaving out of consideration the medical testimony in regard to the nature and extent of

his injuries, was limited to showing that he was a passenger on the car, and that his injuries were caused by his being struck by the conductor. There was no specific proof of negligence on the part of the latter, other than as might be inferred from the occurrence of the injury under the circumstances. On behalf of the defendant, the testimony of the conductor, which is not controverted, was to the effect that, while he was moving forward on the side step of the car, holding some punched transfers in his hand, he, in some unaccountable way, lost his balance and was about to fall from the car; and that, in trying to regain his balance, he threw his other hand forward to grasp the stanchion, or upright post of the car, against which the plaintiff, as he stated, was reclining his head, and in so doing struck the plaintiff in the eye.

Upon this condition of the testimony, the trial court, holding that the occurrence was a mere accident, and that there was no testimony to show negligence on the part of the defendant company or its agents, instructed the jury upon the whole evidence to render a verdict in favor of the defendant, which was accordingly done. From the judgment rendered thereon the plaintiff has appealed.

*Mr. Lorenzo A. Bailey* for the appellant:

1. The proof of the plaintiff established a presumption of negligence on the part of the defendant and placed upon the defendant the burden of overcoming that presumption, if it could, by evidence, and without such evidence for the defendand, the court should have instructed the jury to find for the plaintiff. *The Nitro-glycerine Case (Parrot* v. *Wells, Fargo & Co.* ) 15 Wall. 537, 538; *LaPointe* v. *Middlesex R. R.* 144 Mass. 18; *Wilkie* v. *Bolster, 3* E. D. Smith, 327, 333; Shear. & Redf. Neg. (5th ed.), p. 945, note 14; Abbott's Trial Brief, 218, on the facts; *St. Louis &c., Ry.* v. *Johnson,* 68 S. W. 58 (Tex.) ; *Stokes* v. *Saltonstall,* 13 Peters, 181.

2. The trial court was not justified in taking the case from the jury.

In *Skinner* v. *A., T. & S. F. R. R. Co.* 39 F. R. 188 (N. D. Ill.), upon which the appellee relies, the evidence for the defendant was uncontradicted, and established beyond doubt that the accident was caused by the act of some third party, who jostled the brakeman and threw him against the plaintiff. Upon this basis, only, can that decision be sustained; that the defendant was not liable for the act of the third party. So much of the opinion as may be to the effect that the plaintiff's evidence failed to make out a case is not a correct statement of the law as declared in *Stokes* v. *Saltonstall* and other cases above cited. But in the case at bar these propositions are presented, that are not answered by that case, *viz:*

1.   That the evidence adduced by the plaintiff raised the presumption of negligence against the defendant;

2.   That the defendant has not established the fact, affirmatively, that the conductor used the care due to a passenger;

3.   That the attempt to prove the accident inevitable has failed, even if such proof would amount to a defense;

4.   That the conductor's account of the accident cannot be accepted as tending to establish a defense unless his statement be taken as established that the plaintiff's head was resting against the post, which is denied by the plaintiff, thus raising an issue of fact for the jury.

This is clearly not a case of inevitable accident, nor was it the act of God. 1 Shear. & Red. Neg. (5th ed.), Sec. 16; *The Majestic,* 166 U. S. 386.

3.   When the plaintiff had proven the injury to him as a passenger, by the conductor, it was incumbent on the defendant to remove the presumption of negligence by affirmative proof. This it did not even attempt to do, but relied, apparently, upon the theory that the conductor's story would establish a case of unforeseen and unavoidable accident. In this connection there are some very significant facts in evidence: 1.   The car was going very slowly—coming to a stop. In that event the conductor should have jumped or allowed himself to fall from the car rather than risk injury to a passenger. It does not appear that it would have hurt him to jump or fall. 2.   The conductor

claims that he was passing toward the front of the car, which would bring his left side to the car so that to grasp the post with his right hand he had to turn half way around, so as to face the car. If he had used his left hand, he would not have hurt the plaintiff, but his only excuse for not using that hand is that it was full of transfers. 3. The conductor admits he could have grasped the handle bar instead of the post to which the bar is attached, but he grasped the post because it was more convenient to do so. These and other facts in evidence clearly show that the utmost care was not used to avoid injury to a passenger.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the appellee:

1. The doctrine of *res ipsa loquitur* does not apply even in the case of a passenger, where there is no proof of a negligent act. *Patton* v. *Texas & Pacific Railway Company,* 179 U. S. 658; *Stokes* v. *Saltonstall,* 13 Pet. 181; *Railroad Company* v. *Pollard,* 22 Wall. 341; *Gleeson* v. *Virginia Midland Railroad,* 140 U. S. 435; *Benedick* v. *Potts,* 88 Md. 52.

2. It is not the duty of a common carrier to absolutely protect a passenger from the violence of fellow-passengers. *Tall* v. *Balto. Steam Packet Co.* 90 Md. 248.

3. The duty owing from the common carrier to a passenger does not render the former liable for an injury to the latter, inflicted by an involuntary act of the conductor, which act was necessary to preserve the conductor from danger not produced by the latter's negligence. *New Orleans & Northeastern R. R. Co.* v. *Jopes,* 142 U. S. 18; *Goodloe* v. *Memphis, etc. R. R. Co.* 107 Ala. 233; *Gibson* v. *Int. Trust Co.,* 177 Mass. 100; *Skinner* v. *Atchison, etc. R. R. Co.* 39 Fed. Rep. 188.

*Mr. Justice* MORRIS delivered the opinion of the Court:

The question in this case is whether there was any sufficient evidence to go to the jury upon which a verdict for the plaintiff could properly be based. The question, it is almost needless to

say, is not one of the preponderance of evidence, with which we have nothing to do, nor one of the weight to be given to the testimony on behalf of the defendant, which likewise is not one for an appellate tribunal; but whether the plaintiff has made out a prima facie case for the jury, which, if uncontroverted, would justify and support a verdict in his favor. Whether a verdict is directed against a plaintiff at the conclusion of the testimony on his own behalf in chief, which may be done upon demurrer to such evidence, or upon motion equivalent to a demurrer, or whether it is directed at the end of the trial upon the whole evidence in the case, is ordinarily immaterial in law, since in both cases the direction must necessarily be based, not upon the strength of the defendant's case, but upon the weakness of that for the plaintiff. To allow that the plaintiff has made out a prima facie case, and yet to hold that the defendant has overcome it by his testimony, and thereupon peremptorily to direct a verdict for the defendant, would be simply to usurp the function of the jury. That there may be possible exceptions to this rule may perhaps be conceded, as when, for example, there is only a scintilla of evidence and nothing substantial on the part of the plaintiff, and a verdict in his favor, if rendered, would not be permitted to stand. But no case for exception is made here. The general rule is applicable that, if the plaintiff has made out a prima facie case, he is entitled to have it submitted to the jury, whatever be thought of the case made by the defendant.

The plaintiff, as has been noted, has not specifically proved negligence on the part of the defendant. He has simply proved that he was a passenger on the defendant's car, and that he was injured by the act of the conductor of that car, and the doctrine of *res ipsa loquitur* is thereupon invoked to show negligence. The expression *res ipsa loquitur*, "the thing speaks for itself," as stated in the case of *Benedick* v. *Potts,* 88 Md. 52, 41 L. R. A. 478, 40 Atl. 1067, "is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident." As Shearman & Redfield in their work on Negligence [§ 59] say: "It is not that, in any case, negli-

gence can be assumed from the mere fact of an accident and an injury; but in these cases [that is, in the cases where the doctrine of *res ipsa loquitur* applies] the surrounding circumstances, which are necessarily brought into view by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty and of his neglect to perform it." And those learned authors add that "the fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer."

In the case of *Griffen* v. *Manice,* 166 N. Y. 188, 193, 52 L. R. A. 922, 925, 59 N. E. 925, 926, the court of appeals of New York, referring to this doctrine and the citation just made from Shearman & Redfield on Negligence, uses the following language:

"I think a single illustration will show the correctness of the view of the learned authors, that it is not the injury, but the manner and circumstances of the injury, that justify the application of the maxim, and the inference of negligence. If a passenger in a car is injured by striking the seat in front of him, that, of itself, authorizes no inference of negligence. If it be shown, however, that he was precipitated against the seat by reason of the train coming into collision with another train, or in consequence of the car being derailed, the presumption of negligence arises. The 'res,' therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence. The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present."

In the case of *Benedick* v. *Potts,* 88 Md. 52, 41 L. R. A. 478, 40 Atl. 1067, the court of appeals of Maryland says:

"The maxim does not go to the extent of implying that you may, from the mere fact of an injury, infer what physical fact produced that injury, but it means that when the physical act has been shown or is apparent, and is not explained by the defendant, the conclusion that negligence superinduced it may be drawn as a legitimate deduction of fact."

These citations are sufficient to state, and they are believed to state correctly, the doctrine of *res ipsa loquitur,* and the extent and meaning of that doctrine in the law. It remains to apply the maxim in the present case, if it is in fact applicable.

It does not seem to be controverted on the part of the appellee that the doctrine is at all events prima facie applicable. So far as is apparent, the plaintiff was a peaceable passenger on the defendant's car, and, as such, he was entitled to be safely transported to his destination, so far at least as reasonable care and prudence on the part of the defendant and its employees could effect that result, and he was entitled to absolute immunity from all unlawful assault and injury on the part of the agents and employees of the defendant. Being so entitled, he was unlawfully assaulted and injured by the conductor. It is plainly a case where the doctrine of *res ipsa loquitur* applies, and throws upon the defendant the burden of proving that there was no negligence on its part, and that the injury was the result of unavoidable accident. In other words, the plaintiff proved a prima facie case of negligence on the part of the defendant, and resulting injury to himself. In the absence of satisfactory explanation by the defendant no more was required to justify a verdict in favor of the plaintiff.

But the defendant did offer an explanation, which was, in effect, that the act of the conductor by which the plaintiff was injured was wholly unintentional and accidental on his part, and that it was merely the result of an effort by him to save himself from serious injury. Whether this explanation was sufficient in law to rebut the presumption of negligence raised by the prima facie case of the plaintiff, since it leaves untouched the question whether the conductor was not guilty of negligence in placing himself in such position as that he was in danger of falling off,

may perhaps be doubted. It is usual for conductors, whether collecting fares or distributing transfers, to hold onto one stanchion of these summer cars, and not to let go their hold of it before they have firmly grasped another stanchion, as otherwise, there is always danger of their being thrown off; and it does not appear in this case whether the conductor was free from negligence in this regard. But however this may be, and assuming that the explanation, if well founded in fact, was sufficient in law to rebut the presumption of negligence, yet the question remains whether it was well founded in fact.

Now, it is not for the court to determine the question of the truth of the explanation given; that is peculiarly the province of the jury. The plaintiff has proved a prima facie case of negligence; the defendant has offered an explanation which tends to show that there was no such negligence. This raises a disputed question of fact, proper to be passed upon by the jury, under instructions duly formulated by the court for the purpose. Unless, therefore, we are to adopt the theory that the plaintiff's prima facie case only lasts until the defendant has offered some explanation, and that such explanation, whether true or false, destroys the presumption of negligence raised by the plaintiff's proof and casts upon the plaintiff the necessity of proving by additional testimony in rebuttal that, notwithstanding the explanation, there was in fact negligence on the part of the defendant, there is no escape from the conclusion that the case must be submitted to a jury. But we find no warrant in reason or in adjudicated cases for such a theory. No case has been pointed out which holds such a doctrine. No case has been pointed out where a verdict has been directed for the defendant because the defendant's explanation has tended to controvert the presumption of negligence, and the explanation itself has remained uncontroverted by testimony in rebuttal. We find that in all the cases the question of the defendant's negligence, under such condition of the testimony, has been submitted to the jury for its determination.

It does not follow that, because an explanation is sufficient in law, therefore it is true; nor does it follow that, because it is

true, it is sufficient to exonerate the defendant. The explanation may be true as far as it goes, and yet it may not be sufficient to overcome the presumption of negligence raised from the circumstances of the accident. The case is not one of uncontroverted testimony on the one side and no testimony, or no sufficient testimony, on the other side. It is a case of testimony of circumstances on the one side from which negligence may be inferred, and testimony of circumstances on the other side from which it may be inferred that there was no negligence. This undoubtedly makes a case for submission to the jury, with proper instructions from the court, which would not permit a proper defense to be ignored.

In contravention, as we think, of the requirement of the law, the trial court in the present case failed to submit what we regard as a controverted question of fact to the jury; and this we are compelled to regard as error. For this error, the judgment appealed from must be reversed, with costs; and the cause must be remanded to the Supreme Court of the District of Columbia with directions to award a new trial. And it is so ordered.

*Reversed.*