PETER MULLER, PLAINTIFF-RESPONDENT, v. GEORGE M. BREWSTER & SON, INC., A BODY CORPORATE, DE-FENDANT-APPELLANT.

Submitted October 3, 1939—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Carey & Lane* (*Robert Carey, Harry Lane* and *David Pindar,* of counsel).

For the respondent, *Henry Shiffman.*

The opinion of the court was delivered by

HEHER, J. This is an action in tort for negligence. The jury returned a verdict for plaintiff; and defendant appeals from the consequent judgment.

The specification of negligence was that, due to the failure of defendant to exercise reasonable care for his safety, plaintiff, while on a public highway in the Town of Weehawken, was struck on the head by a stone propelled by a "steam compression" drill or "breaker," used by defendant's servants in the making of an excavation in the highway; and the primary question for decision, raised by motions to nonsuit and to direct a verdict for defendant, is whether the evidence warranted the submission of the issue of negligence to the jury. We think it did.

The particular insistence is that there was an utter lack of proof as to what hit the plaintiff and whence it came. Unquestionably, plaintiff was struck with considerable force by a missile driven through space; and it was fairly inferable from the evidence that the propelling agency was one of defendant's drills while employed in breaking the pavement. The witness Leddy observed "stones" projected "from the excavation," conceded to have been "under the control of" defendant, "to the height of maybe fifteen or twenty feet; * * * they fell all around" the "vicinity of this plaintiff." The pavement was composed of cobble stones, and the drill was used as a surface "breaker" in the digging of a trench for the laying of a gas pipe. Four or five such drills were in operation at the time; and in all human likelihood plaintiff's injury resulted from a stone or other hard substance thrown by one of these drills. There is no other conceivable explanation of the happening.

The inquiry is whether the evidence, if credited, would justify the affirmation by men of ordinary reason and fairness of the proposition sought to be maintained. Is it such that fair and reasonable men would be justified in concluding that the *onus probandi* had been sustained? *Sivak v. City of New Brunswick*, 122 *N. J. L.* 197; *Fitzpatrick* v. *Merchants and Manufacturers, &c., Co.*, 122 *Id.* 468; *Jaeger* v. *Elizabethtown Consolidated Gas Co.*, 124 *Id.* 420. So appraised, the evidence required the submission of the primary question of negligence to the jury; and the motions in question were therefore properly denied.

In his charge, the trial judge invoked the doctrine of *res ipsa loquitur;* and it is insisted that this constitutes reversible error, inasmuch as there was "no sufficient proof" that plaintiff's mishap "was caused by the defendant, or by such act as was under its control."

What has been said is dispositive of this point. Since there was such evidence, the offered conclusion falls with the premise. Admission of the asserted negligent act or conclusive proof thereof is not a prerequisite to the application of this doctrine. It relates rather to the inference to be drawn from the occurrence of the injury, viewed in relation to the circumstances. It has no pertinency on the issue of the identity of the agency or management responsible for the projection of the missile. The exception to the charge was not adequate to raise this specific question. It was rested upon the ground that "under the evidence in this case the rule does not apply or have any relevancy to hold the defendant responsible in the case." Nor is the particular point made on the brief.

Judgment affirmed, with costs.