## TILLERY v. HALL.

### No. 425.

Municipal Court of Appeals for the

District of Columbia.

Nov. 19, 1946.

Samuel W. McCart, of Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Counsel, of Washington, D. C. (Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sought to recover for damages to his automobile. Defendant, a police officer, conceded that an official police car operated by him struck and damaged plaintiff's automobile which was parked on the street in front of plaintiff's home. The trial judge found that the accident occurred under the following circumstances. On a rainy night defendant, accompanied by another officer, was driving in a proper manner along New Hampshire Avenue, and as he approached the intersection with Upshur Street, an automobile made a wide turn from Upshur Street into New Hampshire Avenue and drove rapidly on the wrong side of the street into the path of the police car. Defendant was blinded by the bright lights of the approaching car which continued to proceed directly toward the police car. Defendant, believing that a head-on collision was imminent and attempting to avoid it, turned sharply to his right and struck plaintiff's car which was parked at the curb. The trial court's conclusion was:

"Under the foregoing circumstances, and in face of the apparently imminent collision and the apparently imminent prospect of not only damage to the car driven by defendant Hall, but of serious if not fatal injury to defendant and to his companion, Officer Lowry, and in view of the emergency situation thus existing, I conclude that defendant Hall was justified in the course of action pursued by him in attempting to avoid the collision, and I find that he was not guilty of negligence in the course of thus attempting to avoid said collision.

"The proximate cause of the damage to plaintiff's car was the negligent and reckless conduct of the driver of the third car in question, and hence plaintiff's remedy, if any, must be against the driver of said third car."

It is plaintiff's argument on this appeal that he made a prima facie case by showing that his car while properly parked at the curb was struck by the car operated by defendant; that this prima facie case could be overcome only by credible evidence; and that defendant's evidence was not credible because it attempted to controvert incontrovertible physical facts. To sustain his final proposition plaintiff says defendant's testimony was that plaintiff's car was struck as defendant turned the police car toward the curb, whereas, according to plaintiff, two photographs of the cars, taken shortly after the accident, conclusively show, from the damage to the cars, that plaintiff's car was struck by the police car as the latter turned from the curb and not toward the curb.

Plaintiff's argument cannot be sustained. While the photographs may have shown conclusively the damage to the cars, they did not show the manner in which that damage occurred. From the damage, as disclosed by the photographs, inferences might be drawn as to the point of impact, the angle at which the police car approached prior to the impact, the speed of the police car and other circumstances of the collision; but the photographs did not establish any incontrovertible fact as to those matters. All reasonable inferences to be drawn from the facts disclosed by the photographs were for the trial court. In our opinion the case presented a question of fact for determination by the trial court, and its findings are supported by substantial evidence.

Affirmed.