## BONBREST v. LEWIS.

No. 515.

Municipal Court of Appeals for the District of Columbia.

Sept. 10, 1947.

Jesse H. Chessin and Joseph C. Turco, both of Washington, D. C., for appellant.

Albert F. Adams, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

**CAYTON, Chief Judge.**

At about two o'clock in the morning, the defendant, operating a taxicab, crashed into the back of plaintiff's automobile which was parked at a curb and knocked it forward some ten feet, with its right front wheel on the sidewalk. Plaintiff sued for his damages and offered two police officers as witnesses. They testified as to the physical conditions they found at the scene and as to certain measurements. They also repeated statements made to them by defendant to the effect that he was forced into plaintiff's car by an automobile which was coming toward him from the opposite direction. On defendant's motion, made at the close of plaintiff's case, the trial judge ordered finding for defendant. Plaintiff brings this appeal.

In a memorandum overruling plaintiff's motion for new trial the trial judge stated that plaintiff's evidence "established" that a third car forced defendant to turn his car and strike plaintiff's car. In this he was in error. Plaintiff's evidence did not establish any fact as to the cause of the collision; it only disclosed defendant's previous statement or explanation of the cause. At the close of plaintiff's case, therefore, there was evidence that defendant's car had collided with the plaintiff's parked car, and there was no evidence of the cause of the collision. Under these circumstances, plaintiff made out a prima facie case and the trial court could not properly rule, as a matter of law, that plaintiff had failed to establish negligence on the part of the defendant.[1] We have previously held that proof that defendant struck a parked vehicle may furnish some evidence of negligence and put the defendant on his proof. Schwartzbach v. Thompson, D.C.Mun.App., 33 A.2d 624.

In his memorandum the trial judge cited Tillery v. Hall, D.C.Mun.App., 49 A.2d 808, in which the defendant struck a parked automobile and made the same defense which is advanced here: that he was forced into the collision by a third automobile. In affirming a judgment for defendant we held that the trial judge was not in error in choosing between defendant's testimony and the inferences reasonably deducible from certain photographs which were in evidence. But in that case the defendant took the stand and told his story under oath and at length, and was subjected to full cross-examination.

No such opportunity of cross-examination was given the plaintiff in this case on the critical question as to what caused the collision. He did not have the privilege of inquiring as to the point at which defendant first saw the third car, the speed of that car, the condition of its lights, whether other automobiles were parked near the plaintiff's automobile, what were the conditions of weather and visibility, just how the other car crowded him, and such facts as would ordinarily be developed to shed light on the decisive question as to whether defendant was relieved of liability because of the negligence of a third party. Instead, defendant was in effect permitted to make evidence for himself outside of court and such unsworn "evidence" was accepted as proof that plaintiff could not recover his damages. This was error because "the unsworn statement of a person not called as a witness or subjected to the test of cross-examination is not recognized as having a sufficient probative effect to raise an inference that the fact is as stated * * *"[2] The vice of the ruling is emphasized by the fact that defendant was present in court and available as a witness.[3]

We rule that under the circumstances the trial judge should have held that plaintiff had made out a prima facie case, that the motion for a "directed finding" should have been overruled, and defendant should have been put upon his proof.

Reversed.

---

[1] See Annotation at 151 A.L.R. 876.

[2] 31 C.J.S., Evidence, § 193, page 924; and see cases cited at Footnote 6.

[3] See cases collected at 31 C.J.S., Evidence, page 925, Footnote 7.