MERCURE v. POPIG.

1. NEGLIGENCE—EVIDENCE—PRESUMPTIONS—EYEWITNESSES.

   Where defendant motorist is an eyewitness to accident out of which arose an action against him for damages for fatal injuries to plaintiff's decedent, a boy 6 years and 9 months of age, the issue of due care rests upon proof and not presumption.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE.

   In action against motorist for death of boy 6 years and 9 months of age who was fatally injured while crossing city street in the middle of the block in a residential area late in the forenoon in the fore part of November, evidence as to defendant's speed, manner of driving and keeping of a proper lookout *held,* insufficient to present to jury a question of fact as to defendant's negligence.

3. NEGLIGENCE—ACCIDENT—PRESUMPTIONS.

   The mere happening of an accident raises no presumption of negligence.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 12, 1949. (Docket No. 64, Calendar No. 44,505.) Decided December 7, 1949.

Case by Arthur J. Mercure, administrator of the estate of David J. Mercure, deceased, against Paul Herman Popig for damages resulting from death of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 38 Am Jur, Negligence, § 290.
[2] 5 Am Jur, Automobiles, §§ 212, 213.
[2] Duty and liability to person struck by automobile while crossing street at unusual place or diagonally. 14 ALR 1176, 67 ALR 313.

plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Hutson & Merritt,* for plaintiff.

*Fildew & DeGree,* for defendant.

NORTH, J. This is a suit for damages alleged incident to the death of plaintiff's decedent, who was struck by a Pontiac sedan owned and driven by defendant, Paul Herman Popig. At the close of plaintiff's proofs defendant's motion for a directed verdict was granted, and plaintiff has appealed.

Incident to directing the verdict the trial court stated: "The court is of the opinion that the plaintiff has completely failed to prove any negligence on the part of the defendant." Hence, the sole question before us is this: Is there any competent testimony in consequence of which the jury might have found defendant guilty of negligence which was a proximate cause of the death of plaintiff's decedent?

Viewing the testimony in the light most favorable to plaintiff the following facts appear. The accident happened about 11 o'clock in the forenoon, November 9, 1947, on Maple street, in Royal Oak. This is a north and south paved street, 26 feet between curbs, with a space 6 feet in width between the curb and sidewalk. At the time and place of the accident there were no vehicles parked along the east curb. The locality is residential, and one witness testified: "Well at that street I think it (the speed limit) is posted at 20" miles per hour. Defendant was driving north on Maple street with the left wheels of his car close to the center line.

Plaintiff's decedent, a boy 6 years and 9 months of age, who lived on the west side of Maple street a short distance south of the point of accident, started to cross the street from east to west about the middle

of the block. While on the pavement he was struck by defendant's car and fatally injured. Defendant, alone in his car, did not see the boy after he left the curb; but defendant did feel a "thud," stopped his automobile promptly, picked up the boy and carried him to his home on the west side of the street. His death immediately followed the accident.

At the place of accident the lots have a street frontage of 48 feet. The accident happened in front of the residence numbered 1626. Following the "thud" defendant slowed down his car and stopped it at an angle at the curb in front of the third lot north of number 1626. There were no skid marks. No witnesses saw plaintiff's decedent after he left the curb and before the impact. But 4 witnesses testified to a pool of blood on the pavement. It was located from 3 to 5 feet out from the east curb approximately in front of the center line of number 1626. Plaintiff asserts that the point of impact was disclosed by "a clean spot about 8 inches round on the left front fender, indicating the impact of vehicle and decedent occurred on the vehicle's left front fender." A statement signed by defendant, made to the assistant prosecuting attorney following the accident. was placed in evidence by plaintiff. Therein defendant stated that incident to the accident:

"I noticed a boy standing between the sidewalk and curb. I proceeded north on the street about 4 feet from the curb, when this boy started right out in front of me. I turned my wheel to the left and felt a thud on the right front of my automobile. I did not see him leave the place between the curb and the sidewalk where he had been standing. I was driving about 15 miles per hour. * * * Immediately upon feeling the thud, I stopped my automobile, picked up the boy and carried him into his home at 1613 N. Maple street. I applied my brakes the mo-

ment I heard the thud sound, and then drove back to the curb to park."

In part, appellant in his brief relies on the assumption that there was no eyewitness to this accident. In that respect appellant's contention is without persuasive force because his assumption as to there having been no eyewitness is erroneous. Defendant was an eyewitness.

"Where there is an eyewitness to an accident the issue of due care rests upon proof and not upon presumption. This is so even if the eyewitness is the adverse party." *Foote* v. *Huelster,* 272 Mich 194, 198.

Other than just above noted, appellant relies upon his contention that there was produced at the trial some proof of defendant's negligence as to speed and failure to keep a proper lookout.

As to the rate of speed defendant was driving, there is, in addition to his statement in evidence that he was proceeding at about 15 miles per hour, the following: Thomas Jensen, who was at work repairing a cement driveway on the west side of Maple street and the width of 2 lots south of the point of accident, testified he heard defendant's automobile as it approached and then he heard the "thud." He immediately looked up, saw defendant's automobile going north, and observed it until it was stopped at the curb. Basing his judgment on the sound of defendant's auto as it approached, or upon the witness' observation immediately after the "thud," or possibly on both, he testified: "I thought he was going between ·20 and 25 miles an hour." Later on cross-examination he testified:

"It didn't sound to me as though he were traveling at an excessive rate of speed.    *    *    *

"*Q.* Now, do you mean to say that you can, from the rear of an automobile as it is traveling away from you, without having seen an automobile before it got up to you and before it passed you, estimate how fast that automobile is traveling?

"*A.* I can tell the difference with one that is going 60 and one going 15 or 20, in that case, yes, as far as 5 or 10 miles an hour, no, I can't."

The trial judge correctly held in effect that as a matter of law the testimony just above quoted, supplemented by that of the witness who testified "I think it (the speed limit) is posted at 20" miles per hour, considered in connection with the pertinent testimony as a whole, and viewed in the light most favorable to plaintiff, would not support or justify a finding that defendant was driving either in excess of the statutory provisions (CL 1948, § 256.305 [Stat Ann 1947 Cum Supp § 9.1565]) which would constitute negligence *per se,* or in a negligent manner in view of the surrounding circumstances.

The remaining contention of appellant that an issue of fact for the jury was presented is thus framed in his brief:

"Do plaintiff's proofs present any facts from which the jury could properly have found that defendant, in the operation of his vehicle, failed to maintain a proper lookout for the safety of others lawfully in the street?"

As above noted, plaintiff submitted in evidence the signed statement of defendant given to the assistant prosecuting attorney in which the following appears: "I noticed a boy standing between the sidewalk and curb. * * * I did not see any other children with the boy." This testimony is not contradicted; and there is no testimony that at the time of the accident there were other children along the easterly side of Maple street in the vicinity of the

accident. Nor is there any testimony that plaintiff failed to observe any other attendant circumstances which would have a bearing upon this accident. Under this record it would be mere speculation, and contrary to the record, to hold that there was an issue of fact as to whether defendant failed to maintain a proper lookout.

"The mere happening of an accident raises no presumption of negligence. * * * A mere claim cannot stand in the place of evidence and operate as proof. * * * Things not made to appear must be taken as not existing. * * * Plaintiff's case must be established by the evidence. The court may not guess in default of evidence." *Michigan Aero Club* v. *Shelley,* 283 Mich 401, 410 (1938 USAv, R 79).

The judgment entered in the circuit court is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.