**SAFEWAY STORES, Inc. v. WEST et al.**
No. 10164.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 17, 1949.

Decided Jan. 23, 1950.
Writ of Certiorari Denied May 8, 1950.
See 70 S.Ct. 840.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. Austin F. Canfield, Washington, D. C., with whom Messrs. William T. Hannan and Ralph F. Berlow, Washington, D. C., were on the brief, for appellees. Mr. Lewis Doby, Washington, D. C., also entered an appearance for appellees.

Before CLARK, WASHINGTON, and BAZELON, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff-appellee was a regular customer of appellant's store on Montello Avenue, N. E. On the occasion of the accident in question plaintiff, as was her custom, went to the store about nine o'clock in the morning to do her day's shopping. As she approached the door of the store another shopper was coming out pushing a baby before her in a stroller. Plaintiff stepped down a step to enable the woman to pass and was holding the door open for her passage. The door opened outward. A metal coil spring was attached to the door. This spring broke and struck plaintiff in the right eye. She fainted and fell to the ground and was straightway sent to the hospital. As a result of the accident she lost the sight of her eye.

Plaintiff sued, her pleading being in the alternative (1) alleging that the case fell within the doctrine of *res ipsa loquitur,* (2) alleging specific negligence.

After pre-trial the allegation as to specific negligence was tacitly abandoned and plaintiff's case was tried on the theory of *res ipsa.* The court instructed on the theory of *res ipsa* and declined certain instructions requested by defendant. Plaintiff's counsel had avowed abandonment of specific negligence in open court and his intention to rely upon the theory of *res ipsa loquitur.*

Appellant (defendant below) now stoutly maintains that the facts of this case did not put it within the doctrine

of *res ipsa loquitur*. Attention is directed to the language of this court in Washington Loan and Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679, where the appellant made substantially the same contentions that are made in this case and raised by this appellant. This 'Court said: "Appellant urges that the case is not within the principle of *res ipsa loquitur*. * * * 'The phrase is nothing but a picturesque way of describing a balance of probability on a question of fact on which little evidence either way has been presented.' The principle behind the phrase is one of inclusion, not exclusion. A plaintiff whose case comes within the principle is entitled to go to the jury, but no plaintiff who makes a probable case is disentitled to go to the jury by the fact that his case does not come within it or goes beyond it. The principle in question is simply that when the cause of an accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, the defendant's negligence may be inferred without additional evidence. There is nothing arbitrary or technical about the principle except its name."

And in the case of Brown v. Capital Transit Co., 1942, 75 U.S.App.D.C. 337, 338, 127 F.2d 329, 330, this court said: "Where the res ipsa loquitur doctrine is applicable, it means no more than that the party claiming damages has produced proof of a fact, or a series of related facts, which warrant the inference of negligence, not that they compel such an inference."

Thus it is seen that the doctrine is no more than a shifting of the duty of going forward with the evidence.

■ The only important question in this case is the application of the doctrine of *res ipsa loquitur*. We hold that Judge Goldsborough properly instructed the jury on that theory and properly rejected the instructions offered by the defendant the denial of which is here complained of. The case meets every requirement for the application of the doctrine.

But contends the defendant, the spring which caused the injury was not within the exclusive control of defendant since it was attached to the door and plaintiff was opening the door and had her hand on it. The contention is without merit. It was conclusively settled, at least so far as this jurisdiction is concerned, in the case of Washington Annapolis Hotel Co. v. Hill, 1949, 84 U.S.App.D.C. 418, 174 F.2d 157. There the plaintiff engaged a room in a hotel. While an occupant of this room he sat down in a chair which promptly collapsed, seriously injuring him. The hotel claimed that the doctrine of *res ipsa loquitur* did not apply because the chair was not within the exclusive control of the hotel, the room having been rented to plaintiff. This court affirmed *per curiam* without opinion.

The judgment in the instant case is accordingly

Affirmed.