## KERLIN v. WASHINGTON GAS LIGHT CO.

### C. A. No. 3254–50.

United States District Court
District of Columbia.
March 9, 1953.

Albert Brick, Patricia Warren and Samuel Intrater, Washington, D. C., for plaintiff.

John J. Wilson, William E. Gallagher, Henry F. Krautwurst, and Whiteford, Hart, Carmody & Wilson, Washington, D. C., for defendant.

PINE, District Judge.

Defendant has moved for a new trial "and/or" to have the verdict and judgment set aside and judgment entered in accordance with its motion for a directed verdict pursuant to Rules 59 and 50(b), F.R.C.P., 28 U.S.C.A. The ground for the motion under Rule 50(b) is the submis-

sion of the case to the jury under the doctrine of res ipsa loquitur.

■ The Court, in considering a motion by a defendant for a directed verdict, must construe the evidence most favorably to the plaintiff and give him the full effect of every legitimate inference therefrom. This criterion is applicable on a motion to set aside a verdict under Rule 50(b), supra, and has been followed herein.[1]

Plaintiff was standing on the public sidewalk, waiting for a streetcar. Nearby, defendant was engaged in work incident to the installation of new gas pipes from the main in the street to the adjacent buildings. Interspaced sections of the concrete sidewalk had been broken and the fragments moved to one side. Defendant's employes and no others were in the spaces where the concrete had been removed. They were engaged in digging therein with picks. While they were so engaged, an object was propelled toward and against plaintiff from the locality where one of the men was picking, about ten feet away.[2] It struck plaintiff on the head, causing him to be seriously injured, particularly in the destruction of hearing in one ear, partial destruction of hearing in the other, and impairment of equilibrium. Plaintiff was free from any fault on his part.

The question is whether the case is one which properly can be submitted to the jury under the doctrine of res ipsa loquitur.

■ The latest statement of the doctrine in this jurisdiction is contained in Washington Loan & Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, reaffirmed by the same court in Safeway Stores v. West, 1950, 86 U.S.App.D.C. 99, 100, 180 F.2d 25. Therein the United States Court of Appeals held that the doctrine in question is simply that, when the cause of an accident is known, in the defendant's control, and unlikely to do harm unless the person in control is negligent, the defend-

ant's negligence may be inferred without additional evidence, and the case should go to the jury. The Court furthermore held that there is nothing arbitrary or technical about the principle, except its name. Applying that principle of law to this case, under the above statement of facts, it appears to come literally within the doctrine.

■ But defendant argues that it cannot be applied literally and that some of the elements are lacking. Taking up its second point first, defendant contends that the cause of the accident is not known, inasmuch as there is no witness who saw the object leave the employe's pick. That contention, however, ignores the rule that facts can be established by circumstantial as well as direct evidence, and there appears no rational basis for explaining the propulsion of the object against plaintiff, under the foregoing facts, other than that it was an act of defendant's employe while engaged in the picking operations. Defendant does not attempt to explain it otherwise, but contends that it did not occur as claimed. In this connection, defendant confuses the cause of the accident with the manner in which it was caused, lack of knowledge of which, in plaintiff, is a reason for the doctrine of res ipsa loquitur. Moreover, there being a dispute in the evidence as to the cause of the accident, that dispute was for the jury, who were told that before they might apply the doctrine, they must find that an employe of defendant caused the object to be propelled against plaintiff by the use of an instrument exclusively in his possession. They were further told that, when an accident occurs and in addition thereto where the instrumentality or agency causing it is known, and is in the exclusive possession of the party causing it, and the accident is of such a character as, in the light of ordinary experience, is unlikely to occur except as a result of negligence, it is then permissible to apply the doctrine.

1. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, certiorari denied 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032.

2. From the foregoing it may legitimately be inferred that the defendant's employe propelled it, but this question is reserved for discussion on defendant's point that the cause of the accident was unknown.

Defendant also contends in this connection that the third element of the doctrine is not present, in that it is not unusual for objects to be expelled from excavations where workmen are digging, without negligence on their part. The vice of this contention is that, although it is not unusual for objects to be so expelled, it is highly unusual without negligence for objects to fly from such excavations with such velocity as to carry them a distance of approximately ten feet[3] and strike a standing man in the head with such power as to seriously injure him.

■ Defendant's first point, as I understand it, is that this doctrine cannot be applied literally, but is limited to certain categories, such as complicated mechanical devices, e. g. railroad trains, elevators, and boilers, and to falling objects. While recognizing that the doctrine has generally been so applied, I can see no reason for limiting it to such categories if its rationale is broad enough to cover others, and in this connection it is helpful to set forth briefly the history and development of the doctrine.

During the early part of the 19th Century, the English courts began to refer to a presumption of negligence which arose against a railway company when an accident occurred upon the railroad line and injured a passenger through no fault of his own.[4] This presumption of negligence seems to have been confined to railroad accident cases until the now famous case of Byrne v. Boadle,[5] wherein incidentally the term res ipsa loquitur appears to have been first introduced into the law of torts.[6] In that case the plaintiff was walking along a public highway, and when in front of defendant's shop, he was struck down by a barrel of flour which rolled out of a high window. Upon hearing the plaintiff's case,

the trial judge granted a nonsuit. On appeal to the Court of Exchequer, which resulted in a reversal, defense counsel made the point that there was not a scintilla of evidence concerning negligence unless the occurrence was of itself evidence of negligence, whereupon Pollock, C. B., stated: "There are certain cases of which it may be said, res ipsa loquitur, and this seems one of them. In some cases the courts have held that the mere fact of the accident having occurred is evidence of negligence, as, for instance, in the case of railway collisions." Two years later, in Scott v. London and St. Katherine Docks Co., 1865, 3 H & C 596, 159 Eng.Rep. 665, the Court of Exchequer Chamber had a similar question before it in a case where six bags of sugar fell on plaintiff when he was passing in front of a warehouse in defendants' dock.[7] In deciding that there had been enough evidence to allow the case to go to the jury, Chief Justice Erle set forth the elements of the doctrine in the following language: "There must be reasonable evidence of negligence. But where the thing is shewn to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

Such roots of the doctrine, while applicable to railway and falling objects, do not suggest a limitation thereto, but set forth the broad principles for application to facts and circumstances coming within its purview, and I find nothing in this or other jurisdictions to suggest that the doctrine is restricted to any particular pattern of facts.[8] In this jurisdiction, the law of

3. Plaintiff testified that the object came from a place about the distance between the witness stand and counsel table, which measures about ten feet.

4. Carpue v. The London & Brighton Ry. Co., 1844, 5 Q.B. 746; Skinner v. The London, Brighton & South Coast Ry. Co., 1850, 5 Exch. 786.

5. 2 H & C 722, 1863, 159 Eng.Rep. 299.

6. For a discussion of the classical and

post-classical meaning and usage of the term, generally, see Shain, Res Ipsa Loquitur, Parker & Co., 1945, p. 305.

7. Also, see Briggs v. Oliver, 1866, 4 H & C 403.

8. The rule is limited otherwise, in that it "is always applied with caution and only where there is an absence of positive proof of any definite act of negligence, or want of skill, though the accident itself

which is .controlling, the pattern has been varied. The first reported acknowledgment of the doctrine in the District of Columbia which has come to my attention is found, as was to be expected, in relation to .railway collision and derailment cases.[9] The rule is then extended to cover situations involving injuries sustained by a passenger of an electric streetcar when struck by conductor who unexplainably lost his balance when the car was in motion,[10] noxious substance in a coca cola bottle,[11] falling ventilators,[12] exploding carbonated water bottles,[13] streetcar and truck collisions,[14] airplane accidents,[15] collapsing hotel chairs,[16] and flying door springs.[17]

It will thus be seen that the doctrine has not been restricted in this jurisdiction to certain categories, but has reached out to other circumstances when they came within its principle. The same is true in the States.[18]

While research has not unearthed a case identical with the one at bar, it has brought to light one close to it. In Louisville Baseball Club v. Hill, 1942, 291 Ky. 333, 164 S.W.2d 398, the Court of Appeals of Kentucky affirmed the application by the trial court of the doctrine where a boy who was walking on a public street on his way to a ball game was struck by a baseball which came over the fence surrounding defendant's baseball park. Although the case seems to fall within the flying object category, the court cited the falling object cases in support of its position.

Another case, similar factually, is Muller v. George M. Brewster & Son, 1940, 124 N.J.L. 417, 11 A.2d 749, where the Supreme Court of New Jersey affirmed a jury instruction on res ipsa in a pedestrian's action to recover for injuries resulting from being struck by a stone allegedly propelled by a steam compression drill used by employes of defendant, in making an excavation in the highway. The case is of little assistance otherwise, due to its limited discussion of the doctrine.

Defendant, in support of its position that the case is not within the principle of res ipsa loquitur, cited Curby v. Bennett Glass & Paint Co., 1940, 99 Utah 80, 103 P.2d 657. Therein the Supreme Court of Utah, by a 3 to 2 decision, declared res ipsa inapplicable to an eye injury caused by flying particles of glass, where the injury was sustained as the plaintiff reached a point about eight feet from the end of a pane of plate glass being trimmed, with clippers, by the defendant's employes. The ruling is based on the contention that, although it is common knowledge that objects with weight will fall if unsupported, it is not common knowledge that glass will fly if cut with glass clippers, as the testimony at the trial indicated that glass is pulverized when clipped. The Court felt that to have allowed the jury to infer negligence on the part of the defendant would have created a

---

is of an unusual and extraordinary character and one that would not likely occur without such cause." Kight v. Metropolitan Railway Co., 1903, 21 App.D.C. 494, 508. But see Washington Loan & Trust Co. v. Hickey, supra.

9. Metropolitan R. R. Co. v. Snashall, 1894, 3 App.D.C. 420, 432; also, Weaver v. Baltimore & O. R. R. Co., 1894, 3 App. D.C. 436.

10. Kohner v. Capital Traction Co., 1903, 22 App.D.C. 181, 62 L.R.A. 875.

11. Fisher v. Washington Coca Cola Bottling Works, Inc., 1936, 66 App.D.C. 7, 84 F.2d 261, 105 A.L.R. 1034; Washington Coca Cola Bottling Works, Inc., v. Kelly, D.C.Mun.App.1944, 40 A.2d 85.

12. Washington Loan & Trust Co., Inc. v. Hickey, supra.

13. Canada Dry Ginger Ale Co. v. Jochum, D.C.Mun.App.1945, 43 A.2d 42.

14. Capital Transit v. Jackson, 1945, 80 U. S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110.

15. Smith v. Pennsylvania Central Airlines Corp., D.C.1948, 76 F.Supp. 940, 6 A.L. R.2d 521.

16. Washington Annapolis Hotel Co. v. Hill, 1949, 84 U.S.App.D.C. 418, 174 F.2d 157.

17. Safeway Stores v. West, 1950, 86 U.S. App.D.C. 99, 180 F.2d 25, certiorari denied 339 U.S. 952, 70 S.Ct. 840, 94 L.Ed. 1365.

18. See Harper on Torts, 1933, Sec. 77; Prosser on Torts, 1941, Sec. 43; Wigmore on Evidence, 3d Ed., 1940, Sec. 2509; 38 Am.Jur., p. 1002, Sec. 306; and 65 C.J.S., Negligence, § 220(12), p. 1035.

situation where the jury must speculate between unknown causes, acts of God, and negligence. This case, factually, offers no support for defendant's position, and I disagree with the legal conclusions of the majority.

As I see it, there is nothing revolutionary, as defendant appears to believe, in the application of this doctrine to the facts in this case. To me it is only a routine step in applying basic principles of law to a new pattern of facts.

What legal legerdemain it would be, to apply the doctrine when an object *falls* with all the factors of the doctrine present, and refuse to apply it when an object *flies* with all the factors present! And I make this observation with a full realization that in the former case the force is provided by gravity and the negligence is believed to be negative, whereas in the latter the force is provided by defendant and the negligence is believed to be affirmative. It would be difficult to convince the man in the street who is hit on the head that in the former case he may recover, and in the latter he cannot. He would probably agree with the immortal words of Mr. Bumble,[19] if he did not resort to stronger language.

The motion for judgment n. o. v. under Rule 50 will therefore be denied.

So far as the motion for a new trial is concerned, the points raised have been considered and are deemed to be without merit. The instructions concerning which defendant complains followed the teaching of Sweeney v. Erving 1913, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, and Washington Loan & Trust Co. v. Hickey, supra,[20] and the jury were told at the end of the charge that the essential elements of plaintiff's claim, which he must establish by a preponderance of the evidence, were that he was struck by an object propelled by an act of defendant's employe acting in the scope of his employment; that the employe was negligent in causing the object to be so propelled; and that such negligence

proximately caused plaintiff to be struck and injured.

The motion for a new trial will accordingly also be denied.

Counsel will submit appropriate order.

---

19. Oliver Twist Chapter LI.

20. See also San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680.