Rockne KREBS, Appellant,

v.

Donald T. CORRIGAN and Dennis L. Bronson, Appellees.

No. 7790.

District of Columbia Court of Appeals.

Argued April 22, 1974.

Decided June 25, 1974.

John P. Meade, Washington, D. C., for appellant.

F. Wainwright Barnes, Washington, D. C., with whom Donald P. Maiberger, Washington, D. C., was on the brief, for appellees. Robert E. Anderson, Washington, D. C., entered an appearance for appellee Bronson.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a directed verdict entered in favor of appellees (defendants) at the conclusion of appellant's (plaintiff's) case in chief. The complaint alleged that defendant Bronson negligently caused damage to personal property belonging to plaintiff and that defendant Donald Corrigan was liable for such damage as Bronson's principal.

The evidence reflected the following. Plaintiff is an artist who creates plexiglass sculptures. On the morning of the accident he entered his studio to find a station wagon parked within, just inside of a 10′ roll-back garage door. The bumper was very close to a large sculpture. The car had been placed there by defendant Bronson so that he could avoid the chill of the morning while endeavoring to fix some dents in the automobile. Although plaintiff had not given Bronson permission to put the car in the studio, he did not order him to remove the car at once. However, after giving Bronson a dent-removing tool, so as to expedite his work, and instructing him on the use of the tool, he asked him to remove the car as soon as possible. At that moment the telephone (which was on a nearby wall) rang and plaintiff proceeded to answer it. From that position he could see the studio area, but his attention was away from Bronson as he talked on the telephone. While still on the phone, plaintiff glanced back toward where Bronson was working and saw him "flying through the air . . . at least three feet off the ground—and he landed in the middle of [a plexiglass sculpture]." Four sculptures in all were destroyed.

Upon the conclusion of plaintiff's case, defendants moved for a directed verdict on the ground that plaintiff had not presented a prima facie case of negligence. After extended argument, mainly involving the doctrine of res ipsa loquitur, the court granted defendants' motion and directed a verdict in their favor. The judge, in explaining his decision to the jury, indicated that a verdict was directed because plaintiff could not show what caused defendant Bronson's body to fall or be thrown onto the sculptures.

This information was not only unknown to plaintiff but was peculiarly within the knowledge of the defendant Bronson. He, of course, never testified as to any explanation he might have had for the accident, since his motion for a directed verdict was granted. We do not believe a plaintiff ought to be held to that burden on these facts which, left unexplained, support an inference of negligence. Accordingly, we reverse and remand for a new trial.

It is well established, to the extent that a citation of authority is unnecessary, that the mere happening of an accident does not give rise to any inference of negligence. On the other hand, it is established that the circumstances of certain accidents may be such as to justify an inference that negligence was involved. In the District of Columbia an inference that defendant may have been negligent is per-

mitted when the following three conditions exist: first, the cause of the accident is known; second, the accident-producing instrumentality is under the exclusive control of the defendant; and third, the instrumentality is unlikely to do harm without negligence on the part of the person in control. Powers v. Coates, D.C.App., 203 A.2d 425 (1964), citing Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943). The presence of these factors distinguishes such cases from the vast majority that lack those features, concerning which it is said that negligence is not to be inferred from the mere happening of an accident.

■ In the case before us there is no doubt that the cause of the accident was known, *i.e.*, the sculpture was damaged by Bronson's falling on it. To say that the cause of the accident was not known, because there was no evidence as to what caused Bronson to come into contact with the sculptures, "confuses the cause of the accident with the manner in which it was caused, lack of knowledge of which, in plaintiff, is a reason for the doctrine of res ipsa loquitur. . . ." Kerlin v. Washington Gas Light Co., 110 F.Supp. 487, 488 (D.D.C.1953) aff'd, 94 U.S.App. D.C. 39, 211 F.2d 649 (1954). The doctrine was applied in that case where the evidence reflected that plaintiff, while standing on the sidewalk, was struck by an object propelled from an area where defendant's employees were digging with picks.

■ Nor is there any doubt that the accident-producing instrumentality, Bronson's body, was within his exclusive control. While falling cans in a supermarket may not be within the owner's exclusive control,[1] we think it to be a fair presumption that a person's body usually is within his exclusive control; such is the sub silentio presumption in most medical malpractice cases. *See also* Kohner v. Capital

Traction Co., 22 App.D.C. 181 (1903). Defendants' contention that the dent-removing tool was the accident-producing instrumentality, and that Bronson did not have exclusive control over that tool, misses the mark. Moreover, the factual assumption, being without proof on this record, is no more than speculation. As stated, *supra*, the accident-producing instrumentality was Bronson's body, the dent-removing tool, if at all involved in this case, was in the control of defendant and would only be related to the "manner in which [the accident] was caused." Kerlin, supra.

■ Lastly, as in other situations permitting the application of res ipsa loquitur, we consider it of no small significance that the accident-producing instrumentality, Bronson's body, is one which is unlikely to do harm in the absence of negligence on the part of the person in control. Such a conclusion does not ignore the possibility of other explanations for the incident, explanations which might not involve negligence; but human bodies do not generally go crashing into breakable personal property. When they do, as here, we think the facts require the court to permit an inference of negligence. The person in control of the body or instrumentality may come forth with an explanation. To have to explain the actions of one's body is certainly not unreasonable and is less burdensome than to have to explain why a barrel of flour fell out of one's warehouse onto a pedestrian, a situation to which res ipsa loquitur was held applicable in Byrne v. Boadle, 159 Eng.Rep. 299 (Ex. 1863).

The instant situation, plaintiff's art objects being damaged by an inexplicably falling human body, is not unlike that of a parked automobile inexplicably being hit by a moving automobile. In the latter situation a prima facie case of negligence was found to have been presented, though there was no evidence as to why defendant's car struck plaintiff's car. Bonbrest v. Lewis, D.C.Mun.App., 54 A.2d 751, 752 (1947);

1. Jones v. Safeway Stores, Inc., D.C.App., 314 A.2d 459 (1974).

Schwartzbach v. Thompson, D.C.Mun.App., 33 A.2d 624 (1943).

In a case which did involve a bodily collision, Kohner v. Capital Traction Co., *supra*, plaintiff established only that as he was riding on an open summer streetcar he was injured by "the violent contact of the right hand of the conductor of the car with the face of the appellant . . . ." *Id.* at 182 of 22 App.D.C. Plaintiff was unable to testify as to any negligent act on the conductor's part or as to the manner in which the accident was caused. The court reversed a directed verdict for defendant finding that res ipsa loquitur was applicable.

In Machanic v. Storey, 115 U.S.App.D.C. 87, 317 F.2d 151 (1963), res ipsa loquitur was applied where a car driven by defendant, in which plaintiff was a sleeping passenger, went off the road causing injuries to plaintiff, although plaintiff was unable to produce any evidence as to why the car left the road.[2]

■ Appellees contend that res ipsa loquitur does not apply when the accident-producing instrumentality is a human body. We find nothing in the law of this jurisdiction to indicate that res ipsa loquitur does not apply when the accident-producing instrumentality is a body rather than an inanimate object. In *Kohner, supra,* the instrumentality was a streetcar conductor's hand. Medical malpractice cases also involve bodily instrumentalities and it has been held that in a proper case res ipsa loquitur may be applied. Raza v. Sullivan, 139 U.S.App.D.C. 184, 432 F.2d 617 (1970),

cert. denied, 400 U.S. 992, 91 S.Ct. 458, 27 L.Ed.2d 440 (1971); Smith v. Reitman, 128 U.S.App.D.C. 352, 389 F.2d 303 (1967).

■ Appellees also contend that appellant could not rely on the doctrine of res ipsa loquitur because there was an eyewitness to the accident, *i.e.*, defendant Bronson, and that appellant should have called Bronson as a witness before being allowed to invoke res ipsa loquitur.

■ To our knowledge this court has never held that a plaintiff may not invoke the doctrine of res ipsa loquitur when the defendant is an eyewitness. In fact on many occasions [3] we have noted that one of the main reasons for the doctrine is the superior, if not exclusive, knowledge which defendants sometimes have as to the cause of accidents. If requiring a plaintiff to call the defendant as an adverse witness was deemed a sufficient method of determining the cause of an accident, there would be no need for the doctrine of res ipsa loquitur. The doctrine exists because of the realization that examination of a defendant as an adverse witness is not a viable way to discover the cause of an accident.[4]

Although there are no cases in this jurisdiction commenting on whether a plaintiff must call an eyewitness-defendant to testify before being allowed to rely on res ipsa loquitur, there have been several where res ipsa loquitur has been applied although an available eyewitness-defendant was not called by plaintiff.

In Machanic v. Storey, *supra,* res ipsa loquitur was applied although the eyewit-

---

2. Although the accident occurred in Pennsylvania, the court applied the law of the District of Columbia with respect to res ipsa loquitur.

3. *E. g.,* Washington Sheraton Corp. v. Keeter, D.C.App., 239 A.2d 620, 622 (1968); Powers v. Coates, *supra.*

4. *In accord is* J. & Jay, Inc. v. E. Perry Iron & Metal Co., 161 Me. 229, 210 A.2d 462 (1965). Language in Mercure v. Popig, 326 Mich. 140, 40 N.W.2d 95 (1949), might seem to be to the contrary but the facts there

(6-year-old child hit by auto; child crossing street in mid-block) are not such as would justify any inference of negligence and lacking evidence of negligence, a directed verdict was properly granted.

New Jersey and Missouri have held that a plaintiff is not precluded from invoking res ipsa loquitur because he has not attempted to obtain evidence through discovery procedures. Menth v. Breeze Corp., 4 N.J. 428, 73 A.2d 183 (1950); Bone v. General Motors Corp., 322 S.W.2d 916 (Mo.1959).

ness-defendant (the driver of the automobile which crashed) was not called by the plaintiff, who himself was unable to testify as to the manner in which the accident was caused.

In Bonbrest v. Lewis, *supra,* the court found plaintiff's evidence, that defendant's car hit plaintiff's parked car, sufficient to establish a prima facie case of negligence, although plaintiff did not call the eyewitness-defendant to testify. While the court phrased its opinion in terms of the establishment of a "prima facie case", rather than specifically using the term res ipsa loquitur, the effect is the same; plaintiff was allowed an inference of negligence although the eyewitness-defendant was not called as a witness.

Finally in Raza v. Sullivan, *supra,* res ipsa loquitur was found applicable though the facts indicated that the defendant-dentist was an eyewitness (he was the person who treated plaintiff) and that he was not called by plaintiff as a witness.

In deciding whether or not res ipsa loquitur is applicable, courts necessarily are mindful of the different effects which that decision will have on the parties and the trial. If res ipsa loquitur is not employed, plaintiff's case is terminated even though he suffered an injury that was caused by the defendant. If res ipsa loquitur is found applicable, defendant is put to no greater burden than to produce information peculiarly within his knowledge as to how the incident occurred. Even if that explanation is unsatisfactory or indeed even if no explanation is made, the jury is free to decline to draw an inference of negligence, and it is so instructed.

We find that the plaintiff's evidence, considered in the light most favorable to him, as must be done in ruling on the motion for a directed verdict by a defendant, was sufficient to raise an inference of negligence so as to survive the defendants' motion and to put them to their proof.

Reversed for a new trial.