Gates *v.* Crane Co.

---

ROBERT GATES *vs.* CRANE COMPANY.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

While the defendant's truck was descending a steep hill, the left front wheel suddenly became detached by reason of the breaking down of a bearing designed to hold it in place, rolled onto the sidewalk and struck the plaintiff who was walking thereon. *Held* that the doctrine of *res ipsa loquitur* was applicable; and that

the jury might reasonably have found that the defendant had failed to sustain the burden, thus cast upon it, of proving that it had exercised reasonable care to prevent the defective condition of the wheel, or if it was not responsible for that condition, to discover and remedy it after it had arisen.

The testimony of a witness, which was discredited in one aspect, may well have been disbelieved in its entirety by the jury.

Evidence that the plaintiff was not suffering from heart disease three or four months before the accident, and that he performed hard manual labor until the day that it happened, warranted a finding by the jury that the condition was caused by his injuries.

Neither the admission of testimony that a larger nut might have kept the wheel in place, nor the trial court's refusal to charge that, having bought a standard make of truck, the defendant was entitled to assume that proper care had been exercised in its construction, was, under the issues raised by the evidence and presented to the jury, harmful error.

The evidence offered by the defendant concerning the lubrication of the wheel did not so patently and completely establish its exercise of due care in this regard that the trial court was bound to treat it as a proven fact in its charge to the jury.

The trial court did not err in submitting to the jury the plaintiff's claim that, aside from any defective condition, the wheel might have become loosened and detached by reason of the unreasonable speed at which the truck was being operated.

The mere fact that a statute provides that a speed in excess of a certain rate is, prima facie, unreasonable, does not make a lower rate in all cases reasonable and proper.

Argued November 1st, 1927—decided January 6th, 1928.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $8,750, and appeal by the defendant. *No error.*

*Raymond E. Baldwin,* for the appellant (defendant).

*John Keogh* and *William F. Tammany,* for the appellee (plaintiff).

Gates *v.* Crane Co.

MALTBIE, J.   While an automobile truck owned by the defendant and operated by its servant in the course of his employment was descending a hill in the city of Norwalk, the left front wheel suddenly became detached, rolled onto the sidewalk where the plaintiff was walking, ran against him and gave him the injuries for which he is suing.   The jury returned a verdict in his favor and the defendant has appealed, one of its grounds being that the court erred in denying its motion to set the verdict aside as against the evidence, and as excessive.   As regards the first claim, the defendant does not now argue that the jury could not reasonably have found the plaintiff to be free from contributory negligence, but it does claim that they could not reasonably conclude that the defendant was chargeable with negligence.

The defendant claims, and the plaintiff does not seriously dispute, that the wheel became detached by reason of the breaking down of a bearing designed to hold it in place.   The defendant concedes that the circumstances of the case make applicable the doctrine *res ipsa loquitur.*   It was, then, incumbent upon the defendant to satisfy the jury that it had exercised reasonable care to prevent the defective condition causing the accident or, if it was not responsible for that condition, to discover and remedy it after it had arisen. *Stebel* v. *Connecticut Co.,* 90 Conn. 24, 26, 96 Atl. 171; *Hunt* v. *Central Vermont Ry. Co.,* 99 Conn. 657, 661, 122 Atl. 563; *Feeney* v. *New York Waist House,* 105 Conn. 647, 650, 136 Atl. 554.   The defendant contends that the breaking down of the bearing was due to a latent defect not discoverable by any reasonable inspection.   The jury might, however, have reasonably concluded that this contention was not supported by the evidence, but that the defendant had not sustained its burden of proof as regards its claim that reason-

able care had been taken by it to keep the bearings of the wheel properly adjusted. The statement of the driver that he had tested the adjustment of the wheel on the Saturday before the accident may not have been accepted by them, in view of the fact that his testimony was brought in question in at least one important aspect by evidence of contradictory statements made by him out of court. *Hunt* v. *Central Vermont Ry. Co., supra,* p. 660. Entirely apart from the doctrine of *res ipsa loquitur,* there was evidence reasonably indicating that the driver had such warning of something being wrong with the mechanism of the truck that reasonable care on his part required him to stop it and not proceed until the defect had been remedied. The action of the trial court in denying the motion to set the verdict aside as against the evidence cannot be held erroneous.

The evidence tended to prove that after the accident the plaintiff was incapacitated from ever performing physical labor by reason of a disease of the heart. The defendant claims that the evidence conclusively proves this disease to have been a chronic condition previously existing. But there was direct testimony that the plaintiff was not suffering from it three or four months before the accident, and it also appeared that he was working at hard manual labor up to the very day of the accident, which would not have been possible had the condition of his heart been then what it was after his injury. The jury might reasonably have concluded that the incapacity due to the heart disease resulted from the accident. The trial court did not err in denying the motion to set the verdict aside as excessive.

The defendant complains of the admission, over its objection, of a question put to an expert witness produced by the plaintiff, asking what mechanical equip-

ment might have kept the wheel in place after the bearing had broken down, and of the failure of the court to charge the jury in accordance with a request made by it to the effect that, having bought a standard Packard automobile truck the defendant might expect that proper skill and care had been exercised in its construction, so that it would be liable only for its failure thereafter properly to maintain and operate it. Harm could hardly have been predicated upon the answer to the question objected to, because it went no farther than the fact, almost self-evident from the other testimony in the case, that, if the diameter of the nut which held the bearing in place was large enough, it would have prevented the wheel coming off, at least would have given warning that something was wrong before it came off. But, however that may be, the trial court in its charge, both by its careful statement of the grounds upon which the plaintiff might recover and by its instruction that there was no claim of any inherent defect in the truck, effectually removed from the case any issue of liability founded upon the fact that another method of construction might have prevented the accident. Neither the ruling on evidence nor the failure specifically to charge as requested can be regarded as harmful error.

The defendant also complains of a portion of the charge in which the jury were instructed that a failure to keep the wheel of the truck properly greased might be a basis upon which to find the defendant liable. The defendant's claim is that all the evidence conclusively establishes that the wheel was kept properly greased. Lack of lubrication of the bearings was suggested in the claims of the plaintiff as a possible cause of the breaking up of the bearing. Considering that the burden rested on the defendant to prove its free-

Gates *v.* Crane Co.

dom from negligence, we cannot say that it had so patently and completely established its exercise of due care in the lubrication of the wheel that the trial court in its charge to the jury was bound to treat it as a proven fact.

The defendant also complains of a portion of the charge in which the trial court referred to a claim of the plaintiff that, even if the truck was not in a defective condition, the driver was operating it at such an excessive rate of speed that it caused the wheel to come off, and on which it then instructed the jury that if the truck was being driven at such an unreasonable rate of speed that it might have been reasonably anticipated that the wheel would come off the defendant might be held liable. The court went on to caution the jury that they were to consider the likelihood of the wheel coming off by reason of the speed of the truck, using their common experience, and reminded them that the defendant was not an insurer against such an accident; and it added that the defendant was only bound to exercise due care in view of the known dangers or those which might reasonably have been anticipated. There is no error of law in this charge, and when the weight of the truck and its load, the fact that it was going down a rather steep hill, and that the plaintiff claimed its speed to be from twelve to fourteen miles an hour, are all considered, we cannot say that the court, particularly in view of the cautions it added, committed error in submitting this issue to the jury. The law then in force, Public Acts of 1923, Chapter 257, § 7, which made the operation of a truck such as the one here in question at a speed exceeding fifteen miles an hour prima facie evidence of unreasonable speed, cannot be taken as making a less speed in all cases reasonable and proper. *Irwin* v. *Judge,* 81 Conn. 492, 500, 71 Atl. 572.

The other claims of error either were not pressed in argument or are answered at least inferentially in what we have said.

There is no error.

In this opinion the other judges concurred.