EMMA FACTEAU *vs.* JACQUELIN P. GOULD.

Franklin.    September 17, 1941. — October 29, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence,* Motor vehicle.

A finding of negligence of the owner and operator of an automobile
would have been warranted by evidence that, while the automobile
was being operated in a careful and prudent manner, its wheel left
its axle, rolled onto an adjacent lawn, and struck and injured the
plaintiff; that the wheel could not have come off unless the nuts on
all five stud bolts, which were visible and attached it to the brake
drum, first had come off; that no nuts were found around the auto-
mobile; that, "if the nuts started to come off," one operating the
automobile "would naturally feel a little wavering in the front end."

TORT.    Writ in the District Court of Franklin dated
October 15, 1940.

On removal to the Superior Court, the action was tried
before *Donnelly,* J.    Besides evidence described in the
opinion, there was the following testimony by a witness
called by the plaintiff as an expert: Q.  "If the nuts started
to come off, what would be the effect on the car?"    A.
"Well, the person would naturally feel a little wavering in
the front end, though a person who has not driven too much
might not notice it, because, of course, that stud fills this
hole until that is withdrawn, but they will wiggle." —
Q.  "What would be the effect if one nut came off?    What
would be the effect of that in your judgment?    If one of
those nuts came off, what would be the effect of it upon
the running of the car?"    A.  "Wouldn't be anything, or
perhaps a slight creaking noise." — Q.  "Before it could
separate, all of them would have to come off?"    A.  "Yes."
— Q.  "What would be the effect of running the car if one
or two of the nuts got off or became loose?    Would it have
any effect upon the other lugs or the nuts?"    A.  "No, not
if the others were up tight."

A verdict was ordered for the defendant. The plaintiff alleged exceptions.

*H. J. Field*, for the plaintiff.

*C. Fairhurst*, for the defendant.

QUA, J. The plaintiff, while upon a settee on a lawn near a public highway, was struck and injured by the left front wheel of an automobile owned and operated by the defendant. The wheel had left the automobile at a sharp bend in the way and had rolled up a slight incline on to the lawn. The defendant was operating the automobile in a careful and prudent manner.

The evidence upon which the plaintiff relied to carry the case to the jury was in substance this: The wheel of the defendant's automobile was attached to the brake drum by five stud bolts which projected from the drum. The wheel was held upon the stud bolts by nuts screwed on the bolts. The wheel could not come off the stud bolts until all five nuts had come off. The nuts were outside the hub cap and were visible. After the accident the stud bolts were still in position. Nothing was missing except the five nuts. The wheel "had simply come off of" the five stud bolts. The missing nuts could not be found "around the car." The wheel was replaced at the scene of the accident and fastened on by borrowing one nut from each of the other wheels. The average person, looking at the nuts, would not see that a nut had loosened, but the driver "would naturally feel a little wavering in the front end, though a person who has not driven too much might not notice it, because, of course, that stud fills this hole until that is withdrawn, but they will wiggle."

We think that there was some evidence for the jury that the defendant was negligent. Since the wheel could not come off as it did so long as a single nut remained on its stud bolt, and since the jury could well think it improbable that all the nuts would become loose and work off at the same moment leaving all the stud bolts unbroken and intact, they could find that the condition which brought about the accident was not one of sudden occurrence. They could think it probable, either that there had been a failure

to replace the nuts after they had been removed for some purpose or that they had come off gradually one at a time. In either case they could find that the owner driving her own automobile had an opportunity to know of the danger and should have known of it either by observation of the exposed stud bolts or by the "wavering" of the front end of the automobile as she drove it, and that to continue to drive it in that condition was negligence. We scarcely need add that the jury was under no obligation to accept other evidence more favorable to the defendant than that above narrated.

The case is distinguishable from *Bolin* v. *Corliss Co.* 262 Mass. 115, where the driver was not the servant of the owner and there was no evidence that the owner knew of the defect or could discover it by reasonable inspection, and from *Sennett* v. *Nonantum Coal Co.* 284 Mass. 390, where the accident was caused by the sudden breaking of a concealed axle. In its essentials it more nearly resembles *Van Steenbergen* v. *Barrett*, 286 Mass. 400, although there was a greater accumulation of evidence in that case than in the present case. See *Ware* v. *Gay*, 11 Pick. 106, 112; *Regan* v. *Cummings*, 228 Mass. 414; *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35–36; *Gates* v. *Crane Co.* 107 Conn. 201.

*Exceptions sustained.*