PAUL ZARRILLO. *vs.* HAROLD STONE.

Middlesex.   December 6, 1944. — January 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Motor vehicle, Use of way.

A finding of negligence of the operator of a motor truck was not warranted by evidence merely that as the truck was passing an automobile parked at the side of the highway a front tire on the truck "blew out" and the truck struck the automobile.

TORT. Writ in the Third District Court of Eastern Middlesex dated September 13, 1943.

The action was heard by *Counihan*, J.

*D. D. Leahy*, for the defendant.

*M. Singer*, for the plaintiff, submitted a brief.

WILKINS, J. This is an action of tort for injuries received by an occupant of an automobile by reason of alleged negligent operation of a motor truck by the defendant. The trial judge found for the plaintiff. The Appellate Division dismissed the report, and the defendant appealed.

The report states that there was evidence tending to show the following, which is described as all the evidence material to the questions reported: On July 15, 1943, the defendant was driving a truck on the Concord turnpike in

Arlington toward Boston. The plaintiff was sitting in an automobile parked on the right of the road, all but two feet of the automobile being off the travelled way. The defendant was moving downgrade about twenty-five to thirty miles an hour when he observed the automobile occupied by the plaintiff about two hundred feet ahead. The defendant slowed down because there were traffic lights about four to five hundred feet ahead of the parked automobile. When the defendant was passing the parked automobile, his right front tire "blew out" and his truck struck the automobile, "blowing out the left rear tire" of the automobile and injuring the plaintiff. The defendant was then travelling about twenty miles an hour, and he brought his truck to a stop in about thirty-five feet. The defendant testified that the tire on his truck that blew out had not been repaired or patched, had a good tread, was in good condition, and had gone about eight thousand to ten thousand miles. The defendant presented the following requests for rulings: "1. The evidence does not warrant a finding that the defendant was negligent. 2. The evidence warrants a finding for the defendant. 3. If the defendant was operating an automobile at the time of the alleged accident and a tire which was apparently sound blew out causing the car to strike the parked vehicle which the plaintiff occupied, a finding of negligence on the part of the defendant would not be warranted. 4. The doctrine of res ipsa loquitur does not apply." The trial judge found "as a fact that the defendant was negligent in the operation of his automobile and that such negligence caused the accident." He granted the fourth request, but "in view of the above finding" denied the remaining requests.

Findings of fact are not reviewable on this appeal, which brings here for review only rulings of law by the trial judge reported to the Appellate Division and the action of the Appellate Division thereon. *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 467. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449. *Bresnick* v. *Heath*, 292 Mass. 293, 296. The trial judge was not required to believe the testimony. *Lydon* v. *Boston Elevated Railway*, 309 Mass.

205, 206. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493. *Perry* v. *Hanover,* 314 Mass. 167, 170. On the other hand, mere disbelief of testimony is not equivalent to proof of facts to the contrary. *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, 330. *Holton* v. *Shepard,* 291 Mass. 513, 518. And the mere happening of the accident would not warrant a finding of negligence on the part of the defendant. *Baker* v. *Davis,* 299 Mass. 345, 348. This the trial judge recognized in granting the fourth request. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, is distinguishable. There is nothing in the reported testimony to warrant a finding that the accident happened or the tire on the defendant's truck "blew out" because of negligence on the part of the defendant. This case resembles *Sennett* v. *Nonantum Coal Co.* 284 Mass. 390, and is unlike *Facteau* v. *Gould,* 310 Mass. 105. The first and third requests should have been granted. See *Kelly* v. *Gagnon,* 121 Neb. 113; *Seligman* v. *Hammond,* 205 Wis. 199.

The second request should also have been granted. *Hoffman* v. *Chelsea,* 315 Mass. 54, 56. *Brodeur* v. *Seymour,* 315 Mass. 527, 529–530. *Liberatore* v. *Framingham,* 315 Mass. 538, 541–544.

The order of the Appellate Division is reversed, the finding for the plaintiff is vacated, and judgment is to be entered for the defendant.

*So ordered.*