[Civ. No. 20500.   Second Dist., Div. Two.   Dec. 7, 1954.]

LAWRENCE NEIL McLAUGHLIN et al., Appellants, v.
MARJORIE MAY LASATER et al., Respondents.

Bridges & Peters and Glenn R. Seavey for Appellants.

Murchison & Cumming for Respondents.

FOX, J.—This is an appeal from a judgment of nonsuit, granted on plaintiffs' opening statement.

The action is for damages growing out of an automobile accident. Plaintiffs alleged negligence, in general terms, in both the operation and maintenance of defendants' vehicle.

Plaintiffs' opening statement was as follows:

"Plaintiffs expect the evidence in this case to show, in reference to the issue of liability, that on November 30, 1951, at or about the hour of 7:30 o'clock p. m., the plaintiff Lawrence Neil McLaughlin was driving his 1947 Studebaker 2-door sedan automobile in a general easterly direction on Highway No. 99, about four miles east of Redlands, California, at a speed of 35 or 40 miles an hour. In the car with him were his minor sons, the plaintiff Gerald who sat next to him in the front seat, the plaintiff Leslie who sat at Gerald's right in the front seat, and in the back seat the plaintiff Thelma McLaughlin, his wife, and the plaintiff Sandra McLaughlin, his minor daughter. That the highway was paved and dry. That night had fallen. That Highway 99, at the point in question, is a divided lane highway, the eastbound and westbound lanes being separated by an unpaved dirt areaway 20 feet wide, or thereabouts. That Highway 99, at that point, curves slightly and declines toward the west and inclines toward the east.

"That the defendant Marjorie May Lasater, at the time and place in question, was operating a 1948 Crosley automobile in a general westerly direction on Highway 99. That the said 1948 Crosley automobile was owned by the defendant Marjorie May Lasater and her husband, the defendant George Lasater, and that the latter was the registered owner thereof. That Marjorie May Lasater was driving the said car with the consent, permission and authority of the defendant George Lasater.

"That during the time that they had owned the 1948 Crosley and in August, 1951, defendants had authorized and directed their agent and employee, one Spohn, to remove the running wheels of the Crosley automobile and to change their positions so that the right rear wheel was installed as the left front wheel of the said automobile. This was done in order to equalize the wear on the tires. At all times

thereafter the said Crosley automobile was in the possession and under the control of the defendants and used by them in the operation of their service station and garage business as well as for private use.

"That at the time of the accident, as Mrs. Lasater drove west on Highway 99, the left front wheel of her Crosley automobile became detached from the car and crashed into and struck the windshield of the McLaughlin car, damaging the latter automobile and causing injury to the occupants, Leslie, Gerald and Sandra McLaughlin, and their mother, Thelma McLaughlin.

"That none of the plaintiffs saw the wheel become detached from Mrs. Lasater's automobile, or saw it before it crashed into their car.

"That after the accident the wheel was found to be in good condition. That four lug bolts existed on the Crosley car for attaching the wheel to the axle. That after the accident examination showed them to be undamaged and the treads in good condition. That no lug nuts for these bolts were found."

Defendants' position is that, assuming every item in the foregoing offer is proved, no prima facie case of liability is thereby made out because no inference of negligence may reasonably be drawn from the facts thus established. Plaintiffs contend, however, that an inference of negligence may reasonably be drawn from such facts on either of two theories. Plaintiffs' first theory is based on the doctrine of res ipsa loquitur. "That doctrine applies if the accident in question would not ordinarily have happened in the absence of negligence and if defendant had exclusive control over the instrumentality causing the injury." (*Rose* v. *Melody Lane,* 39 Cal.2d 481, 486 [247 P.2d 335].) Defendants, of course, had exclusive control of their car since Mrs. Lasater was driving. A wheel does not ordinarily become detached from an automobile in the absence of negligence in either its operation or maintenance. Hence the second requisite for the application of the doctrine is present. When res ipsa loquitur is applicable, as it is here, "an inference of defendant's negligence may be drawn." (*Rose* v. *Melody Lane, supra,* p. 487.)

Our conclusion that this is a res ipsa loquitur case is fortified by *Ross* v. *Tynes,* (La.App.) 14 So.2d 80 (certiorari denied). In that case a pedestrian, while walking on the sidewalk, was killed by a wheel which became detached from a passing

truck. The court said (p. 81) "the facts of this case . . . present a classic example of the proper application of the doctrine of res ipsa loquitur" and that it "follows that there is an inference, or presumption of negligence on the part of defendants. In other words, when an injury is caused by an instrumentality under the exclusive control of the defendant, as in this case, and it is such as would not ordinarily happen if the party having control of the instrumentality had used proper care, there arises an inference or presumption of negligence." *Gates* v. *Crane Co.*, 107 Conn. 201 [139 A. 782], is another case where a pedestrian on the sidewalk was hit by a wheel which suddenly became detached from a truck owned and operated by the defendant. The doctrine of res ipsa loquitur was applied. This doctrine has been applied in two comparable California cases. The first is *Brown* v. *Davis*, 84 Cal.App. 180 [257 P. 877], which involved a situation where a passenger lost his life when the car overturned as a result of a wheel's breaking off at the hub. *Fenstermacher* v. *Johnson*, 138 Cal.App. 691 [32 P.2d 1106], also applied the doctrine where the left front wheel twisted or buckled and the tire either blew out or the wheel collapsed, causing the frame to drop and the car to turn over, fatally injuring one of the occupants.

There is also a reasonable basis for an inference of negligence from the accepted facts apart from the doctrine of res ipsa loquitur. Defendants had caused their employee to remove and change the positions of the wheels on their car. This included the wheel that came off and collided with plaintiffs' car. After the accident the wheel was found to be in good condition and the lug bolts by which it had been attached were undamaged and their threads in good condition. But the lug nuts for these bolts were not found. From these facts a jury would have reasonably inferred that defendants' employee, who switched the tires, had failed to exercise due care in replacing the nuts on the lugs—that they had not been firmly screwed down or tightened, and that in the course of the use of the car the nuts had gradually become looser and had finally dropped off. This would explain the lapse of time between the transfer of the wheels and the accident. The factual situation here is very similar to that in *Facteau* v. *Gould*, 310 Mass. 105 [37 N.E.2d 124]. There, while seated on a lawn near a public highway, plaintiff was struck by the left front wheel from defendant's car. The wheel had been attached to the brake drum by five stud bolts

which projected from the drum. The wheel was held on these bolts by nuts screwed on the bolts. The wheels could not come off the stud bolts until all five nuts had come off. The nuts were outside the hub cap and were visible. After the accident the stud bolts were still in position. "Nothing was missing except the five nuts. The wheel 'had simply come off of' the five stud bolts. The missing nuts could not be found 'around the car.' " The court held that an inference of negligence could reasonably be drawn from this evidence. It pertinently remarked that the jury could think it probable that the nuts "had come off gradually one at a time." (P. 125.)

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.