**Julia WILSON, Appellant,**

v.

**Melvin SPENCER, Appellee.**

**No. 1880.**

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 15, 1956.

Decided Dec. 20, 1956.

Verginald L. Dolphin, Washington, D. C.,
with whom Carlisle H. Pratt, Washington,
D. C., was on the brief, for appellant.

James W. Cobb, Washington, D. C., for
appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The question here is whether a showing
by plaintiff that while standing at a street
intersection she was struck and injured by
a hubcap which flew off a wheel of a pass-
ing automobile owned and operated by de-
fendant, makes out a case for submission to
a jury on the issue of defendant's negli-
gence. There was no explanation by either
plaintiff or defendant as to the cause of
the hubcap becoming detached, although
defendant did testify that some hours be-
fore the occurrence he had bought three
new tires from a tire company which had
installed them, one being installed on the
wheel from which the hubcap later became
detached and struck plaintiff. The tire
company, brought in by defendant as a
third-party defendant, offered testimony
that in changing tires it customarily does

not remove the wheel and consequently there is no occasion for removing the hubcap.

At the close of all the evidence the trial court, stating it saw no evidence of any negligence on the part of defendant, directed a verdict in his favor. Plaintiff says this was error, asserting that the doctrine of res ipsa loquitur was applicable and entitled her to have the case submitted to the jury.

■ In this jurisdiction it is established that the principle of res ipsa loquitur "is simply that when the cause of an accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, the defendant's negligence may be inferred without additional evidence." Washington Loan & Trust Co. v. Hickey, 78 U.S.App. D.C. 59, 61, 137 F.2d 677, 679. It is also established that the principle in question is not "restricted to any particular pattern of facts", Kerlin v. Washington Gas Light Co., D.C.D.C., 110 F.Supp. 487, 489, affirmed 94 U.S.App.D.C. 39, 211 F.2d 649, and "contains no absolute standards by which to determine its applicability to a given situation." Pomeroy v. Pennsylvania Railroad Co., 96 U.S.App.D.C. 128, 129, 223 F.2d 593, 594. If a plaintiff's case comes within the principle he is "enabled to escape the possibility of having the court direct a verdict against him", Underwood v. Capital Transit Co., 87 U.S.App.D.C. 68, 69, 183 F.2d 822, 823, certiorari denied 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672, and "is entitled to go to the jury." Washington Loan & Trust Co. v. Hickey, supra. Application of the principle, of course, does not compel a finding for plaintiff or even shift the burden of proof. Capital Transit Co. v. Jackson, 80 U.S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, certiorari denied 326 U.S. 762, 66 S.Ct. 143, 90 L.Ed. 459. The jury "are at liberty to decide for themselves whether the preponderance is with the plaintiff even where there is no evidence to countervail the inference."

Underwood v. Capital Transit Co., supra. "The inference, even standing alone, may be rejected by the trier of fact." Martin v. United States, 96 U.S.App.D.C. 294, 297, 225 F.2d 945, 947, 948.

■ We think the facts of plaintiff's case come within the principle above discussed. The cause of the accident was known and it was under defendant's control. And it was unlikely to do harm unless defendant was in some manner negligent. Thousands of automobiles are using our streets, but no one expects the air to be filled with flying hubcaps. We have found no case exactly in point on the facts, but closely analogous are those cases where wheels have become detached from motor vehicles. See McLaughlin v. Lasater, 129 Cal.App.2d 432, 277 P.2d 41, 46 A.L.R.2d 106, and annotation following. Plaintiff was entitled to go to the jury and it was error to direct a verdict against her.

Reversed.