DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Bernard E. Mann and Colleen K. Oliver, defendants below and appellee herein.
Karen L. Degen, plaintiff below and appellant herein, raises the following assignment of error:
 "THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS BECAUSE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND THE CASE PRESENTED GENUINE ISSUES OF MATERIAL FACT WHICH DEMANDED JURY RESOLUTION."
The parties do not seriously dispute the facts in the case at bar. On February 27, 1996, appellant was driving on County Road 550 in Union Township, while appellee Mann was traveling the same road, but in the opposite direction. Mann was driving a Chevrolet Blazer, which Oliver owned, with a homemade trailer attached to the rear.
At one point Mann heard a noise. He stopped his vehicle to investigate. Mann soon noticed that one of the tires from the trailer was missing. Mann reportedly found broken lug bolts sitting in the middle of the road. Mann then noticed appellant's vehicle stopped on the road. He walked to her car and discovered that the missing tire had hit appellant's vehicle.
On September 23, 1999, appellant filed a complaint against appellees and asserted negligence under the doctrine of res ipsa loquitur. Appellant also alleged that Oliver negligently entrusted her vehicle to Mann.
On December 9, 1999, appellees filed a motion for summary judgment. Appellees argued that they were not negligent and that Oliver had no reason to know that Mann was an incompetent driver. Appellees attached Mann's affidavit to their motion. In his affidavit, Mann stated that on the date of the accident he had been hauling gravel in the trailer. He stated that he had "thoroughly inspected the trailer and noticed no problems with the trailer." Mann continued:
 "The load I was hauling in the trailer weighed far less than its maximum capacity, and I had never experienced any problems with the trailer in the years that I have owned it. * * * * I was not negligent in maintaining the trailer. The lug bolts which held the wheel in place broke, and I was in no way responsible for the wheel breaking away from the trailer."
In opposition, appellant agreed with appellees that no genuine issue of material fact remained regarding her negligent entrustment claim. Appellant submitted, however, that genuine issues of material fact remained as to whether appellees were liable under the doctrine of resipsa loquitur. Appellant contended that the facts demonstrated that Mann had been in exclusive control of the instrumentality that caused her injury and that tires normally do not fly off of trailers in the absence of negligence.
On October 17, 2000, the trial court concluded that no genuine issues of material fact remained as to whether appellees were negligent under the res ipsa loquitur doctrine and granted summary judgment in appellees' favor. The court determined that "more than one equally efficient and probable cause" of appellant's injury existed and, thus, prevented application of res ipsa loquitur. The court stated: "[I]t appears to the Court that failure of the bolts due to manufacturing or material defect is as likely a cause of the bolts coming off as would be any lack of maintenance by [appellees]." Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant argues that the trial court erred by granting summary judgment in appellees' favor. Specifically, appellant asserts that the trial court erred by determining that defective bolts were an equally possible cause of appellant's injury. Appellant claims: "Common sense dictates that it is far more probable that the bolts broke due to a negligent inspection of the wear and tear of the 26 year old trailer." Moreover, appellant notes that appellees submitted no evidence that the bolts broke due to a manufacturing defect and that appellees did not preserve the bolts for inspection. Thus, appellant claims, the only evidence to support the supposed "equally possible cause" theory is appellees' bare assertions.
Appellees assert that the defective bolts were the more likely cause of the accident. Appellees note that Mann stated that he had inspected the trailer and had noticed no problems with it. Appellees further appear to argue that they need not produce evidence to support an equally possible cause of the injury. Rather, appellees appear to claim that an inference may be implied to demonstrate an equally possible cause of an injury. Thus, appellees contend that the bolts must have been defective because Mann stated that he inspected the trailer and observed nothing wrong.
We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
The substantive law determines whether a genuine issue of material fact remains. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,106 S.Ct. 2505, 2510, 91 L.Ed.2d 202; Turner v. Turner (1993),67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126; Perez v. Scrips-HowardBroadcasting Co. (1988), 35 Ohio St.3d 215, 218-19, 520 N.E.2d 198, 202. As the court stated in Anderson, supra:
 "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998), 81 Ohio St.3d 677,680, 693 N.E.2d 271, 274; Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142, 539 N.E.2d 614, 616; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394,642 N.E.2d 657, 661; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,443 N.E.2d 532; Lindquist v. Dairy Mart Convenience Stores of Ohio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported.
In the case at bar, appellant relies upon the doctrine of res ipsaloquitur to support her claim that appellees were negligent. The doctrine of res ipsa loquitur permits a plaintiff in a negligence action to prove, through the use of circumstantial evidence, that the defendant was negligent. Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167,170, 406 N.E.2d 1385, 1387; Section 328D, comment b ("A res ipsaloquitur case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it."). In Jennings Buick, 63 Ohio St.2d at 169,406 N.E.2d at 1387, the court explained the doctrine as follows:
 "The doctrine of res ipsa loquitur is not a substantive rule of law furnishing an independent ground for recovery; rather, it is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated."
A trial court must determine the applicability of res ipsa loquitur on a case-by-case basis. Jennings Buick, 63 Ohio St.2d at 171,406 N.E.2d at 1388; Gayheart, 98 Ohio App.3d at 230. Whether a plaintiff has adduced sufficient evidence to warrant application of the doctrine is a question of law. Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 67,262 N.E.2d 703, 705; Gayheart v. Dayton Power Light (1994),98 Ohio App.3d 220, 230, 648 N.E.2d 72, 78. Thus, a trial court's decision is subject to de novo review on appeal.
A plaintiff seeking to invoke the doctrine of res ipsa loquitur[1]
must produce evidence demonstrating the following:
 "`(1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'"
Jennings Buick, 63 Ohio St.2d at 170-71, 406 N.E.2d at 1388 (quotingHake, 23 Ohio St.2d at 66-67, 232 N.E.2d at 705).
 "The second prerequisite * * * that there must be evidence tending to prove that the injury ordinarily would not have occurred if ordinary care had been exercised, serves to establish the logical basis for the inference that the plaintiff's injury was the proximate result of someone's negligence. The first prerequisite, that there must be evidence tending to prove that the instrumentality causing the injury was under the exclusive management and control of the defendant, permits the further inference that it was the defendant who was negligent."
Id., 63 Ohio St.2d at 170-71, 406 N.E.2d at 1388.
In the case at bar, the parties do not appear to dispute that appellant has demonstrated the two prerequisites for application of res ipsaloquitur. Rather, the parties dispute whether an "equally efficient and probable cause" of the accident exists to defeat its application.
The doctrine of res ipsa loquitur is inapplicable if the evidence demonstrates that "two equally efficient and probable causes of the injury" exists. Id., 63 Ohio St.2d at 171, 406 N.E.2d at 1389. "In other words, where the trier of facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given." Id.
In explaining the "equally efficient and probable cause" theory, theJennings Buick court stated:
 "`The maxim res ipsa loquitur relates merely to negligence prima facie and is available without excluding all other possibilities, but it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence.'
* * *
 `Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is defendant called upon to explain the cause of the accident or purge itself of the inferential negligence. The doctrine of res ipsa loquitur does not apply in such [a] case.'"
Id., 63 Ohio St.2d at 172, 406 N.E.2d at 1389 (internal quotations omitted).
The Restatement explains the "equally efficient and probable cause" rule as follows:
 "The plaintiff's burden of proof * * * requires him to produce evidence which will permit the conclusion that it is more likely than not that his injuries were caused by the defendant's negligence. Where the probabilities are at best evenly divided between negligence and its absence, it becomes the duty of the court to direct the jury that there is no sufficient proof. The plaintiff need not, however, conclusively exclude all other possible explanations, and so prove his case beyond a reasonable doubt. * * * It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation. This conclusion is not for the court to draw, or to refuse to draw, in any case where either conclusion is reasonable; and even though the court would not itself find negligence, it must still leave the question to the jury if reasonable men might do so."
 Section 328D, comment e. However, "[i]f the defendant produces evidence which is so conclusive as to leave no doubt that the event was caused by some outside agency for which he was not responsible * * * he may be entitled to [summary judgment]." Section 328D, comment o.
 In Gayheart v. Dayton Power Light Co. (1994), 98 Ohio App.3d 220, 648 N.E.2d 72, the plaintiffs sought to apply res ipsa loquitur to prove the defendant's negligence. In Gayheart, the plaintiffs alleged that the defendant was negligent in designing and in maintaining its electrical equipment and that because of its negligence, a surge of electricity caused a fire on their property. The plaintiffs presented expert testimony from several witnesses who stated that they believed a surge of some type caused the fire. In contrast to the plaintiffs' witnesses, the defendant presented expert witnesses who stated that a surge did not cause the fire. The trial court instructed the jury on res ipsa loquitur, and the jury returned a verdict in the plaintiffs' favor. On appeal, the defendant argued that the plaintiffs failed to demonstrate that application of the res ipsa loquitur doctrine was warranted. The defendant asserted that because equally efficient and probable causes of the fire existed, res ipsa loquitur did not apply. The court of appeals disagreed, however. The court noted that: (1) the plaintiffs' experts testified as to one cause; (2) the defendant's experts testified as to a different cause; and (3) the plaintiffs' experts did not state that other causes were equally possible. The court thus concluded that when the evidence presented illustrates two opposing theories of the cause, but does not demonstrate that each was equally possible, the plaintiff still may invoke the doctrine of res ipsa loquitur. The Gayheart court explained its reasoning as follows:
 "`It is a well-established principle that a court may not refuse as a matter of law to instruct on the doctrine of res ipsa loquitur merely upon the basis that the defendant's evidence sufficiently rebuts the making of such an inference.' Morgan, 18 Ohio st.3d at 189, 480 N.E.2d at 467 * * *. To do so would improperly invade the province of the jury to weigh the evidence and decide which party's evidence was more persuasive."
Gayheart, at 232, 79.
In McDougald v. Perry (Fla. 1998), 716 So.2d 783, the plaintiff also sought to invoke the res ipsa loquitur doctrine. In McDougald, the plaintiff was driving behind the defendant's tractor-trailer. As the defendant drove over railroad tracks, the 130-pound spare tire ejected from the cradle beneath the trailer. The trailer ran over the spare, and the spare tire then bounced into the air and hit the plaintiff's windshield. A four- to six-foot long chain had held the spare tire in place in a cradle beneath the trailer. The defendant explained that prior to departing on the day of the accident, he had performed an inspection of the trailer. The defendant surmised that the tire came loose because one of the links on the chain had loosened, allowing the tire to disengage.
At trial, the court instructed the jury on the doctrine of res ipsaloquitur and the jury found in the plaintiff's favor. The court of appeals reversed and the plaintiff appealed to the Florida Supreme Court.
The Florida Supreme Court reversed the appellate court's judgment. The supreme court first concluded the injury was of the type that ordinarily would not occur in the absence of negligence. The court stated:
 "[C]ommon sense dictates an inference that both a spare tire carried on a truck and a wheel on a truck's axle will stay with the truck unless there is a failure of reasonable care by the person or entity in control of the truck. Thus an inference of negligence comes from proof of the circumstances of the accident."
Id., at 786; see, also, Covey v. Western Tank Lines, Inc. (Wash. 1950),218 P.2d 322 (finding application of res ipsa loquitur proper when the bolts holding the wheel to the vehicle sheared, causing the wheel to dislodge); Gates v. Crane Co., 107 Conn. 201, 139 A. 782 (Sup.Ct. Err. 1928) (applying res ipsa loquitur when the plaintiff, a pedestrian, was struck by a wheel which suddenly became detached from an automobile and rolled on the sidewalk). The court disagreed with the appellate court that other possible explanations existed and defeated application of resipsa loquitur. The court explained:
 "Such speculation does not defeat the applicability of the doctrine in this case. As one commentator has noted:
 `The plaintiff is not required to eliminate with certainty all other possible causes or inferences * * * * All that is required is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not.'"
Id. (quoting W.Page Keeton, et al., Prosser and Keeton on the Law of Torts, Section 39, 248 (5 ed 1984)).
In Fields v. Federated Dept. Stores, Inc. (July 29, 1993), Franklin App. No. 92AP-1628, unreported, the plaintiff sought to prove the defendant's negligence through the use of res ipsa loquitur. In Fields, a mirror fell off a column in a department store and struck the plaintiff in the back. The plaintiff sued the department store for her injuries. The trial court granted the store's motion for summary judgment, concluding that the plaintiff's "failure to explain the reason for the falling mirror preclude[d] a finding that [the store] was negligent" and that the plaintiff "failed to show any facts from which an inference of negligence on the part of [the store] could arise." The trial court found it "perfectly plausible" that "a third-party accidentally pushed the mirror on Plaintiff."
On appeal, the court of appeals reversed the trial court's judgment. The appellate court disagreed with the trial court's "unwarranted inference that some unidentified patron cause the mirror to fall on plaintiff." The court noted that no evidence existed in the record "from which one could infer that some patron knocked [the] affixed mirror off the wall." The court stated that "[t]o draw that inference is plainly ungrounded by the evidence."
In the case sub judice, we note that the trial court issued a detailed and well-researched decision and judgment. The trial court, after considering the undisputed facts, rejected appellant's argument regarding the applicability of the doctrine of res ipsa loquitur. The court inferred that defective bolts, rather than appellees' negligence, was the more likely cause of the accident. The trial court noted that the "failure of the bolts due to manufacturing or material defects is as likely a cause of the bolts coming off as would be any lack of maintenance by Defendants [appellees]." Obviously, the court attached great significance to Mann's statement that: (1) he observed nothing wrong with the manner in which the bolts were secured; and (2) he regularly maintained the trailer, including checking of the tires and each year checking and greasing the bearings.
Although this particular fact pattern presents a difficult and close question, after our review of the evidence we disagree with the trial court's conclusion. We believe that insufficient evidence appears in the record to support the inference that the bolts were defective. We find that Mann's statement that he did not believe that the twenty-six year old bolts were improperly secured does not necessarily lead to the conclusion that the bolts were defective and is not sufficient to prove the absence of a material fact and shift the burden to demonstrate the existence of a material fact to appellant. See, generally, Auto OwnersIns. Co. v. Kelsey-Hayes (Jan. 15, 1993), Sandusky App. No. S-92-28, unreported (noting that dismissal warranted when testimony presented as to other equally possible causes); Harris v. Ohio Dept. Rehab. And Corr. (1989), 61 Ohio Misc.2d 21, 573 N.E.2d 219 (finding res ipsa loquitur inapplicable when testimony illustrated existence of equally possible cause); see, also, Hopkins v. Browning-Ferris Indus. Of Ohio Inc. (July 9, 1990), Warren App. No. CA89-12-075. As the Restatement explains:
 "* * * * Although the defendant testifies that he has exercised all reasonable care, the conclusion may still be drawn, on the basis of ordinary human experience, that he has not. Although his evidence is that there was no negligence in operating his train or his bus or his bakeshop, inspecting his elevator or his chandelier or his gas pipes, or parking his car, still the fact remains in evidence that the train went off of the track, the bus into the ditch, the bread was full of glass, the elevator or the chandelier fell, the gas pipe leaked, or the car came down the hill. From this the jury may still be permitted to infer that the defendant's witnesses are not to be believed, that something went wrong with the precautions described, that the full truth has not been told. As the defendant's evidence approaches complete demonstration that the event could not possibly have occurred, it is all the more clearly contradicted by the fact that it has occurred. Normally, therefore, a verdict cannot be directed for the defendant in a res ipsa loquitur case, solely upon the basis of the defendant's evidence of his own due care."
Section 328D, comment n. We conclude that, based upon the undisputed evidence as it currently stands in the record, an inference of negligence must be drawn from the circumstances of this particular accident. See, e.g. McDougald. Wheels that are attached to a vehicle, especially for an extended period of time, generally stay affixed to the vehicle unless there is a failure of reasonable care by the person in control of the vehicle. While we do not necessarily discredit Mann's statement regarding his maintenance of the trailer, the evidence in the case sub judice as it is now constituted should be evaluated by a trier of fact. We again note that in order for the doctrine of res ipsa loquitur to apply, a plaintiff is not required to eliminate with certainty all other possible causes or inferences. What is required, however, is evidence from which reasonable persons can say that it is more likely that negligence was associated with the cause of the event than not. See Keeton, supra.
Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error, reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
[1] The Restatement of the Law 2d, Torts (1965), Section 328D sets forth the doctrine as follows:
 (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
 (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
 (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
 (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
 (2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
 (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.